IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY CASSANO,                          No. C 12-5144 WHA (PR)

      Plaintiff,                           **ORDER OF SERVICE**

  v.

M. JOHNSON, MR. ROGERS, C.O. HILL; SERGEANT BOHANNON;,

      Defendants

                                  /

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. His motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, claims against certain defendants are **DISMISSED**, and the complaint is ordered served upon other defendants.

## ANALYSIS

**A.**    **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

1  se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
2  (9th Cir. 1990).

3  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
5  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
6  upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
7  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
8  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
9  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
10 do. . . . Factual allegations must be enough to raise a right to relief above the speculative
11 level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
12 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
13 at 1974.

14 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
15 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
16 that the alleged deprivation was committed by a person acting under the color of state law.
17 *West v. Atkins*, 487 U.S. 42, 48 (1988).

18 **B.   LEGAL CLAIMS**

19 Plaintiff alleges that defendant M. Johnson is a Correctional Supervising Cook at the
20 California Training Facility ("CTF"), where plaintiff is incarcerated. According to plaintiff, on
21 October 7, 2010, Johnson kicked a steal door that hit plaintiff on the head and then said, "That's
22 what you fucking deserve." Plaintiff alleges that he suffered head injuries as a result. He
23 further alleges that defendants Mr. Rogers, another "cook supervisor" waited ten months before
24 transferring Johnson to a different part of the prison, during which time plaintiff feared for his
25 safety. When liberally construed, these allegations are sufficient to state a cognizable claim
26 against defendants for using excessive force and being deliberately indifferent to his safety in
27 violation of his Eighth Amendment rights. Plaintiff makes no allegations against the other two
28 defendants named in the complaint, Correctional Officer Hill and Sergeant Bohannon, and

consequently the claims against them will be dismissed.

**CONCLUSION**

For the foregoing reasons,

1. The claims against defendants Hill and Bohannon are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants: **M. Johnson, Correctional Supervising Cook; and Mr. Rogers, Cook Supervisor** at **the California Training Facility in Soledad, California**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case:

   a. No later than **84 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

   c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

3

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e. Along with their motion, defendants shall proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.

4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December   20  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\CASSANO5144.SRV.wpd

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.