IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CASSANO, | No. C 12-5144 WHA (PR) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ROGERS'S MOTION TO DISMISS; INSTRUCTIONS TO CLERK; DIRECTING MARSHAL TO RE-ATTEMPT SERVICE ON DEFENDANT JOHNSON AND DIRECTING PLAINTIFF TO PROVIDE COURT WITH DEFENDANT JOHNSON'S LOCATION; SCHEDULING SUMMARY JUDGMENT MOTION** |
| v. | |
| M. JOHNSON; MR. ROGERS; C.O. HILL; SERGEANT BOHANNON;, | |
| Defendants. | |
| / | (Docket No. 16) |

**INTRODUCTION**

Plaintiff, an California prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. Following a review of the complaint under 28 U.S.C. 1915(a), the claims against defendants Hill and Bohannon were dismissed. The claims against defendants Johnson and Rogers were found, when liberally construed, cognizable, and service was ordered upon them. The Marshal was able to serve defendant Rogers at the California Training Facility, and he filed a motion to dismiss the claims against him under Rule 12(b)(6) for failure to state a cognizable claim for relief. Plaintiff has filed an opposition, and Rogers filed a reply brief. For the reasons discussed below, the motion to dismiss is **GRANTED IN PART**.

The Marshal could not serve defendant Johnson at the California Training Facility or at Pleasant Valley State Prison. For the reasons discussed below, the Marshal is directed to

attempt service on defendant M. Johnson again at Pleasant Valley State Prison, and plaintiff is directed provide M. Johnson's correct location.

**ANALYSIS**

A. **STANDARD OF REVIEW**

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the

2

light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**B.    CLAIMS AGAINST ROGERS**

Plaintiff alleges that defendant M. Johnson is a Correctional Supervising Cook at the California Training Facility ("CTF"), where plaintiff is incarcerated. According to plaintiff, on October 7, 2010, Johnson kicked a steal door that hit plaintiff on the head and then said, "That's what you fucking deserve." Plaintiff alleges that he suffered head injuries as a result. He further alleges that defendants Mr. Rogers, another "cook supervisor" waited ten months before transferring Johnson to a different part of the prison, and that for these ten months, plaintiff feared for his safety. These allegations were found, when liberally construed, to state cognizable claims for using excessive force and being deliberately indifferent to his safety in violation of his Eighth Amendment rights.

Defendant Rogers argues that the allegations do not state a cognizable claim against him for the use of excessive force as there is no allegation that Rogers used any force, let alone excessive force, against plaintiff. Rogers is correct. It is noted that the excessive force claim was found cognizable based solely on the allegations against Johnson based on his alleged use of force. To the extent the prior order was interpreted to mean that plaintiff stated a cognizable excessive force claim against Rogers, Rogers motion to dismiss such a claim is granted.

Rogers also argues that the allegations do not state a cognizable claim against him for deliberate indifference to his safety. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from attacks by other inmates or

3

from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Id.* at 834.

Rogers argues that the complaint fails to allege that he was deliberately indifferent because there is no allegation that Rogers knew that plaintiff faced a substantial risk of harm. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Ibid.* Rogers is correct that there is no allegation suggesting that Johnson posed a risk of hurting plaintiff before the incident in which Johnson hit him with the door. There is no allegation of a history of threats, animosity or prior uses of force between Johnson and plaintiff. Therefore, there is no cognizable claim against Rogers for failing to prevent the incident from occurring.

However, plaintiff claims Rogers was deliberately indifferent by failing to transfer Johnson away from the kitchen for 10 months after the incident. First, it could be reasonably inferred that Rogers, as a supervising cook or manager in the kitchen where the incident took place, learned about the incident and had the authority to move Johnson to another kitchen. Of course Rogers will be free to present evidence that this is not the case in support of a summary judgment motion, but at this stage such an inference must be made.

The question for purposes of the Eighth Amendment is whether Rogers's knowledge of Johnson hurting plaintiff once and saying "That's what you fucking deserve," amounted to knowledge that Johnson thereafter posed a "substantial risk of harm" to plaintiff. This is a question of fact. *Id*. at 842. Rogers argues that there is no allegation that Johnson ever threatened or hurt Plaintiff again. However, a plaintiff need not wait until he is actually assaulted to state an Eighth Amendment safety claim. *See id.* at 845. Nor must he show that Rogers actually believed that Johnson would hurt him again; it is enough that Rogers failed to

4

separate them despite his knowledge that Johnson posed a substantial risk of serious harm. *See id.* at 842. Even if plaintiff was never hurt or threatened again by Johnson, a fact-finder could plausibly conclude that having hurt plaintiff once, Johnson might have sufficient animosity towards plaintiff to hurt him again such that Johnson posed a substantial risk of harm to plaintiff. This factual question is best not resolved until the parties present evidence at summary judgment motion or at trial. At this stage, when all inferences must be drawn in plaintiff's favor, plaintiff's allegations must be liberally construed, and only a plausible claim must be stated, plaintiff has stated a cognizable claim against Rogers for being deliberately indifferent to his safety by waiting 10 months after the incident before removing Johnson from the kitchen where plaintiff worked.

Furthermore, Rogers is not entitled to qualified immunity. If Johnson posed a "substantial risk" of harm to plaintiff after the incident, then waiting 10 months before separating him and plaintiff could not reasonably be understood to be lawful. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) (qualified immunity protects state actors from liability if their conduct does not violate clearly established rights of which a reasonable person would have known). Consequently, this argument fails at this stage as well.

### C. DEFENDANT JOHNSON

As noted above, the Marshal was not able to serve Johnson at California Training Facility, where plaintiff had indicated he was located, because prison officials informed the Marshal that Johnson had moved to Pleasant Valley State Prison. The Marshal's attempt to serve him there also failed. The Marshal indicated that Pleasant Valley officials indicated that no supervising cook named M. Johnson at that prison.

In cases where the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(3), and the Marshal, upon order of the court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

Plaintiff does not allege that Johnson is a supervising cook. Therefore, it may be that Pleasant Valley officials incorrectly tried to locate a supervising cook named M. Johnson, and

5

1    that they would have found him there if they simply looked for any employee named M.
2    Johnson. Therefore, Marshal will be directed to again attempt service of an M. Johnson at
3    Pleasant Valley. The Marshal should not restrict their search to a supervising cook by that
4    name, but rather should attempt to serve any employee at Pleasant Valley by the name of M.
5    Johnson.

6    In the meantime, plaintiff must provide the court with M. Johnson's correct location or
7    show cause why he cannot. Although a plaintiff who is incarcerated and proceeding in forma
8    pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do
9    nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service
10   upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has
11   knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff's complaint
12   has been pending for over 120 days. As a result, it is subject to dismissal without prejudice
13   absent a showing of "good cause." *See* Fed. R. Civ. P. 4(m); *see also Walker*, 14 F.3d at 1421-
14   22 (holding prisoner failed to show cause why prison official should not be dismissed under
15   Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to
16   effectuate service). Therefore, plaintiff must provide the court with his correct location. He
17   will be granted 28 days from the date of this order to do so. If he fails to do so or show good
18   cause why he cannot, and if the Marshal cannot serve Johnson at Pleasant Valley on the second
19   attempt ordered below, plaintiff's claims against Johnson will be dismissed without prejudice
20   pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

21   Plaintiff's request for default judgment against Johnson is denied as Johnson has not
22   been served.

### CONCLUSION

24   1. Defendant Rogers's motion to dismiss (dk. 16) is **GRANTED IN PART AND DENIED IN**
25   **PART**, as described above.

26   2. The clerk shall issue summons and, pursuant to the guidance set forth above, the
27   United States Marshal shall attempt again to serve, without prepayment of fees, a copy of the
28   complaint with all attachments thereto, a copy of the order of service (dkt.7) and a copy of this

6

order upon defendant **M. Johnson** at **the Pleasant Valley State Prison, P.O. Box 8500, Coalinga, California, 93210.**

    3. Within 28 days of the date this order is filed, plaintiff must submit to the court sufficient information to locate defendant M. Johnson such that the Marshal is able to effect service upon him. Such information includes Johnson's present location, his first and middle names or initial, and/or his badge number. <u>If plaintiff fails to do so or to show cause why he cannot, and the Marshal's second attempt to serve Johnson at Pleasant Valley State Prison fails, plaintiff's claims will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

    4. Defendant Johnson **shall** file an answer to the complaint in accordance with the Federal Rules of Civil Procedure.

    5. In order to expedite the resolution of this case, the court orders as follows:

        a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

        c. Defendants **shall** file a reply brief no later than **14 days** after the date of

7

service of the opposition.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  e. Along with their motion, defendants shall proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.

 6. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

 IT IS SO ORDERED.

Dated: December   2   , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.